IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-10-00175-CR

 

Larry Gene George,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the 18th District
Court

Johnson County, Texas

Trial Court No. F42972

 



MEMORANDUM  Opinion










 

            Larry Gene George appeals
from a jury verdict sentencing him to prison for forty years for the offense of
possession of a controlled substance of more than four but less than 200 grams
with the intent to deliver.  Tex. Health
& Safety Code Ann. § 482.112 (Vernon Supp. 2010).  George pled guilty
to the charged offense and to an enhancement paragraph, but elected to have a
jury to assess punishment.  George complains that the trial court abused its
discretion in overruling his objection to testimony regarding how many uses 5.3
pounds of methamphetamine would produce and other testimony regarding “the
amount of dope, selling drugs, drug addiction, how people hooked on
methamphetamine can’t hold down a job as well as several people pooling their
money to purchase drugs.”

Objections to Testimony

            The State questioned a
detective with a drug task force about a statement made by George that when he
was arrested for the prior offense that was the basis of the enhancement
paragraph, he was in possession of 27,000 tablets of “pseudofed” (sic).  The detective
testified that 27,000 tablets would manufacture 5.3 pounds of methamphetamine. 
The detective then explained the difference between types of Sudafed and how
they create different amounts of product, as well as differing cooking methods
yielding different amounts.  According to the detective, using the 27,000
tablets with what the detective testified was the standard cook method at the
time of the offense, would have yielded 83.7 ounces or 5.3 pounds of
methamphetamine.  This very large amount would require multiple cooks or a very
well-equipped methamphetamine lab.  When asked how many uses 5.3 pounds would
break down into, George objected on the basis of speculation.  On appeal, he
complains that the evidence was irrelevant.  In order to preserve an error for
purposes of appeal, the issue complained of in the appeal must have been made
to the trial court.  George did not object to relevance.  His objection is not
properly preserved and is waived.  Wilson v. State, 71 S.W.3d 346, 349
(Tex. Crim. App. 2002) (a party’s “point of error on appeal must comport with
the objection made at trial”).

            George complains of the
trial court overruling an objection to the lack of relevance of a line of
questioning by the State regarding the inability of drug dealers to know where
the drugs they sell end up.  The detective from the task force testified that a
person addicted to methamphetamine generally smokes it every day, generally
cannot hold down a job for very long, which results in stealing.  Additionally,
people put their money together to purchase a gram of methamphetamine to smoke
together.  George objected in the middle of the answer when the detective was
describing people pooling their money together, which the trial court overruled
without a response from the State.

            In his brief to this Court,
George cites to one case by the Court of Criminal Appeals, but gives no
discussion of how that case applies to his objection lodged to the trial
court.  He does not mention whether his complaint relates to the rules of
evidence or the code of criminal procedure.  As such, this issue is
inadequately briefed, and therefore is waived.  See Tex. R. App. P. 38.1(i).  See also
Wyatt v. State, 23 S.W.3d 18, 23 n.5 (Tex. Crim. App. 2000).[1]  Issue one is
overruled.

Conclusion

               Having overruled George’s sole issue
to this Court, we affirm the judgment of the trial court.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 




Before
Chief Justice Gray,

            Justice
Davis, and

            Justice
Scoggins

Affirmed

Opinion
delivered and filed February 16, 2011

Do
not publish

[CRPM]









[1]
Even if this issue had been adequately briefed as to relevance, the error, if
any, would be harmless.  George was arrested with a significant amount of drugs
in his possession.  Scales and baggies were also located, which indicates distribution
of drugs.  George admitted that he had possessed a massive quantity of a base
ingredient necessary to cook methamphetamine when he was convicted for the same
offense as the instant case.  This offense served as the basis for the
enhancement paragraph to which George pled “true.”  The response to this
question regarding the habits of methamphetamine addicts, without more, would
be harmless.  Tex. R. App. P.
44.2(b).